**DUNNINGTON, BARTHOLOW, & MILLER, LLP**
Luke McGrath, Esq.
230 Park Avenue, 21st Floor
New York, NY 10169
Tel: (212) 682-8811
lmcgrath@dunnington.com
*Counsel to Prairie Street Capital, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RICHARDSON FOODS, INC., *et. al.*,<br><br>                                        Debtor. | Chapter 7<br><br>Case No. 20-11203  (JPM)<br>(Jointly  Administered) |
| In re:<br><br>RICHARDSON BRANDS COMPANY,<br><br>                                        Debtor. | Case No. 21-10439  (JPM) |
| DEBORAH J. PIAZZA, AS CHAPTER 7<br>TRUSTEE OF RICHARDSON FOODS, INC.<br>AND RICHARDSON BRANDS COMPANY,<br><br>                                        Plaintiff,<br><br>v.<br><br>KOBI AFEK, FOUNDERS EQUITY I, LP, JOHN<br>TEEGER, WARREN HABER, PRAIRIE<br>STREET CAPITAL, INC., DOGE CAPITAL,<br>LLC, RANDALL TALCOTT, ROSES<br>CONFECTIONS, L.P., ROSES HOLDINGS<br>LIMITED, ROSES RE HOLDINGS, LLC,<br>WEBSTER BUSINESS CREDIT<br>CORPORATION,<br><br>                                        Defendants. | Adv. Pro. No. 22- 01103 (JPM) |

### ANSWER AND AFFIRMATIVE DEFENSES TO TRUSTEE'S COMPLAINT OF DEFENDANT PRAIRIE STREET CAPITAL, INC.

Defendant Prairie Street Capital, Inc. (**"Prairie"**), by its counsel, Dunnington, Bartholow, and Miller, LLP, answers the Complaint (the **"Complaint"**)[1] filed by Plaintiff Deborah J. Piazza, as Chapter 7 trustee (the **"Trustee"** or **"Plaintiff"**) of the debtors Richardson Foods, Inc. (**"RFI"**) and Richardson Brands Company (**"RBC"**) (collectively referred to herein as the **"Debtors"**), and asserts the affirmative defenses contained herein, as follows:

### NO CONSENT TO FINAL DECISION PURSUANT TO BANKRUPTCY RULE 7012(b)

Defendant Prairie does not Consent and Opposes final judgment being entered by the Bankruptcy Court Pursuant to Bankruptcy Rule 7012(b).

## I.   NATURE OF THE ACTION

1.     Denied.

## II.     PROCEDURAL BACKGROUND

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

## III.     PARTIES

8.     Admitted

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Complaint.

29099515v.3

9.      Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, which are therefore denied.

10.      Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, which are therefore denied.

11.      Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, which are therefore denied.

12.      Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, which are therefore denied.

13.      Admitted.

14.      Admitted.

15.      Admitted.

16.      Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, which are therefore denied.

17.      Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, which are therefore denied.

18.      Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, which are therefore denied.

19.      Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, which are therefore denied.

## IV.      JURISDICTION, STATUTORY PREDICATES AND VENUE

20.      Admitted.

21.      Admitted.

29099515v.3

22.    Denied.   Paragraph 22 of the Complaint states legal conclusions to which no response is required.

23.    Admitted.

## V.    FACTS

### Summary of Background:

24.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, which are therefore denied.

25.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, which are therefore denied.

26.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, which are therefore denied.

27.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, which are therefore denied.

28.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, which are therefore denied.

29.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, which are therefore denied.

30.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, which are therefore denied.

### Loans to Debtors and the Cash Collateral Agreement:

31.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, which are therefore denied.

-4-

32.     Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, which are therefore denied.

33.     Admitted in part, denied in part. Admitted that Prairie entered into the Amended and Restated Cash Collateral Deposit Agreement dated August 23, 2019 as subsequently amended by a Second Amended and Restated Cash Collateral Deposit Agreement dated as of October 24, 2019, and Prairie pledged $280,000 to be held by WBCC as collateral security for the Obligations of Debtors as defined in the Credit Agreement. Prairie is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, which are therefore denied.

34.     Admitted and further avers that Prairie's subrogation rights to the Webster collateral make it a fully secured creditor under section 506 of the Bankruptcy Code.

**Efforts to Sell the RBC Assets:**

35.     Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, which are therefore denied.

36.     Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, which are therefore denied.

37.     Admitted in part, denied in part. Admitted that Michael Barry, the principal of Prairie, made substantial efforts to sell the RBC Assets. Prairie is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, which are therefore denied.

38.     Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, which are therefore denied.

-5-

39.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, which are therefore denied.

40.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, which are therefore denied.

41.    Admitted.

42.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, which are therefore denied.

43.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, which are therefore denied.

44.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, which are therefore denied.

45.    Admitted.

**Kobi and Teeger Agree to Peaceful Possession by Webster and the Private Sale of RBC Assets to Roses Holdings:**

46.    Admitted and further aver that Prairie's subrogation rights to the Webster collateral make it a fully secured creditor under section 506 of the Bankruptcy Code.

47.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, which are therefore denied.

48.    Denied. Paragraph 48 of the Complaint states legal conclusions to which no response is required.

49.    Denied. Paragraph 49 of the Complaint states legal conclusions to which no response is required.

-6-

50.    Denied.   Paragraph 50 of the Complaint states legal conclusions to which no response is required.

51.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, which are therefore denied.

52.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, which are therefore denied.

53.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, which are therefore denied.

54.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations  in Paragraph 54, which are therefore denied.

**Payments from the Sale were Made to Webster, the Pledgors, Doge and Talcott:**

55.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, which are therefore denied.

56.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, which are therefore denied.

57.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, which are therefore denied.

58.    Admitted.

59.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations  in Paragraph 59, which are therefore denied.

60.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations  in Paragraph 60, which are therefore denied.

29099515v.3

61.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, which are therefore denied.

62.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, which are therefore denied.

63.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, which are therefore denied.

**Roses Holdings' Continuation of RBC's Business:**

64.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, which are therefore denied.

65.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, which are therefore denied.

**FIRST CLAIM FOR RELIEF**
**(Breach of Fiduciary Duty – Against Defendants Afek and Teeger)**

66.    Denied. Paragraph 66 of the Complaint states legal conclusions to which no response is required.

67.    Denied. Paragraph 67 of the Complaint states legal conclusions to which no response is required.

68.    Denied. Paragraph 68 of the Complaint states legal conclusions to which no response is required.

69.    Denied. Paragraph 69 of the Complaint states legal conclusions to which no response is required.

70.    Denied. Paragraph 70 of the Complaint states legal conclusions to which no response is required.

29099515v.3

71.     Denied.   Paragraph 71 of the Complaint states legal conclusions to which no response is required.

72.     Denied.   Paragraph 72 of the Complaint states legal conclusions to which no response is required.

73.     Denied.   Paragraph 73 of the Complaint states legal conclusions to which no response is required.

74.     Denied.   Paragraph 74 of the Complaint states legal conclusions to which no response is required.

## SECOND CLAIM FOR RELIEF
### (Aiding and Abetting Breach of Fiduciary Duty – Against Defendant Webster)

75.     Denied.   Paragraph 75 of the Complaint states legal conclusions to which no response is required.

76.     Denied.   Paragraph 76 of the Complaint states legal conclusions to which no response is required.

77.     Denied.   Paragraph 77 of the Complaint states legal conclusions to which no response is required.

78.     Denied.   Paragraph 78 of the Complaint states legal conclusions to which no response is required.

79.     Denied.   Paragraph 79 of the Complaint states legal conclusions to which no response is required.

80.     Denied.   Paragraph 80 of the Complaint states legal conclusions to which no response is required.

29099515v.3

81.     Denied.    Paragraph 81 of the Complaint states legal conclusions to which no response is required.

82.     Denied.    Paragraph 82 of the Complaint states legal conclusions to which no response is required.

83.     Denied.    Paragraph 83 of the Complaint states legal conclusions to which no response is required.

### THIRD CLAIM FOR RELIEF
**(Avoidance and Recovery of Preferential Transfer pursuant to 11 U.S.C. §§ 547 and 550(a) – Against Defendant Founders)**

84.     Denied.    Paragraph 84 of the Complaint states legal conclusions to which no response is required.

85.     Denied.    Paragraph 85 of the Complaint states legal conclusions to which no response is required.

86.     Denied.    Paragraph 86 of the Complaint states legal conclusions to which no response is required.

87.     Denied.    Paragraph 87 of the Complaint states legal conclusions to which no response is required.

88.     Denied.    Paragraph 88 of the Complaint states legal conclusions to which no response is required.

89.     Denied.    Paragraph 89 of the Complaint states legal conclusions to which no response is required.

90.     Denied.    Paragraph 90 of the Complaint states legal conclusions to which no response is required.

-10-

91.    Denied. Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, which are therefore denied.

92.    Denied. Paragraph 92 of the Complaint states legal conclusions to which no response is required.

93.    Denied. Paragraph 93 of the Complaint states legal conclusions to which no response is required.

94.    Denied. Paragraph 94 of the Complaint states legal conclusions to which no response is required.

95.    Denied. Paragraph 95 of the Complaint states legal conclusions to which no response is required.

96.    Denied. Paragraph 96 of the Complaint states legal conclusions to which no response is required.

### FOURTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Preferential Transfer pursuant to 11 U.S.C. §§ 547 and 550(a) – Against Defendant Teeger)**

97.    Denied. Paragraph 97 of the Complaint states legal conclusions to which no response is required.

98.    Denied. Paragraph 98 of the Complaint states legal conclusions to which no response is required.

99.    Denied. Paragraph 99 of the Complaint states legal conclusions to which no response is required.

100.    Denied. Paragraph 100 of the Complaint states legal conclusions to which no response is required.

29099515v.3

101.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, which are therefore denied.

102.    Denied.  Paragraph 102 of the Complaint states legal conclusions to which no response is required.

103.    Denied.  Paragraph 103 of the Complaint states legal conclusions to which no response is required.

104.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, which are therefore denied.

105.    Denied.  Paragraph 105 of the Complaint states legal conclusions to which no response is required.

106.    Denied.  Paragraph 106 of the Complaint states legal conclusions to which no response is required.

107.    Denied.  Paragraph 107 of the Complaint states legal conclusions to which no response is required.

108.    Denied.  Paragraph 108 of the Complaint states legal conclusions to which no response is required.

109.    Denied.  Paragraph 109 of the Complaint states legal conclusions to which no response is required.

## FIFTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Preferential Transfer pursuant to 11 U.S.C. §§ 547 and 550(a) – Against Defendant Haber)**

110.    Denied.    Paragraph 110 of the Complaint  states legal  conclusions  to which  no response is required.

111.    Denied.    Paragraph 111 of the Complaint  states legal  conclusions  to which  no response is required.

112.    Denied.    Paragraph 112 of the Complaint  states legal  conclusions  to which  no response is required.

113.    Denied.    Paragraph 113 of the Complaint  states legal  conclusions  to which  no response is required.

114.    Denied.    Paragraph 114 of the Complaint  states legal  conclusions  to which  no response is required.

115.    Denied.    Paragraph 115 of the Complaint  states legal  conclusions  to which  no response is required.

116.    Denied.    Paragraph 116 of the Complaint  states legal  conclusions  to which  no response is required.

117.    Denied.    Prairie is without  knowledge  or information  sufficient  to form a belief as to the truth  of the allegations  in Paragraph 117, which are therefore denied.

118.    Denied.    Paragraph 118 of the Complaint  states legal  conclusions  to which  no response is required.

119.    Denied.    Paragraph 119 of the Complaint  states legal  conclusions  to which  no response is required.

120.    Denied.    Paragraph 120 of the Complaint  states legal  conclusions  to which  no response is required.

-13-

121.    Denied.    Paragraph 121 of the Complaint states legal conclusions to which no response is required.

122.    Denied.    Paragraph 122 of the Complaint states legal conclusions to which no response is required.

## SIXTH CLAIM FOR RELIEF
### (Avoidance and Recovery of Actual Fraudulent Conveyance pursuant to 11 U.S.C. §§548(a)(1)(A) and 550(a)(1) – Against Defendant Founders)

123.    Denied.    Paragraph 123 of the Complaint states legal conclusions to which no response is required.

124.    Denied.    Paragraph 124 of the Complaint states legal conclusions to which no response is required.

125.    Denied.    Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, which are therefore denied.

126.    Denied.    Paragraph 126 of the Complaint states legal conclusions to which no response is required.

127.    Denied.    Paragraph 127 of the Complaint states legal conclusions to which no response is required.

128.    Denied.    Paragraph 128 of the Complaint states legal conclusions to which no response is required.

129.    Denied.    Paragraph 129 of the Complaint states legal conclusions to which no response is required.

## SEVENTH CLAIM FOR RELIEF
### (Avoidance and Recovery of Actual Fraudulent Conveyance pursuant to 11 U.S.C. §§548(a)(1)(A) and 550(a)(1) – Against Defendant Prairie)

-14-

130.    Denied.    Paragraph 130 of the Complaint states legal conclusions to which no response is required.

131.    Denied.    Paragraph 131 of the Complaint states legal conclusions to which no response is required.

132.    Denied.    Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, which are therefore denied.

133.    Denied.    Paragraph 133 of the Complaint states legal conclusions to which no response is required.

134.    Denied.    Paragraph 134 of the Complaint states legal conclusions to which no response is required.

135.    Denied.    Paragraph 135 of the Complaint states legal conclusions to which no response is required.

136.    Denied.    Paragraph 136 of the Complaint states legal conclusions to which no response is required.

137.    Denied.    Paragraph 137 of the Complaint states legal conclusions to which no response is required.

## EIGHTH CLAIM FOR RELIEF
### (Avoidance and Recovery of Actual Fraudulent Conveyance pursuant to 11 U.S.C. §§548(a)(1)(A) and 550(a)(1) – Against Defendant Teeger)

138.    Denied.    Paragraph 138 of the Complaint states legal conclusions to which no response is required.

139.    Denied.    Paragraph 139 of the Complaint states legal conclusions to which no response is required.

-15-

140.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, which are therefore denied.

141.    Denied.  Paragraph 141 of the Complaint states legal conclusions to which no response is required.

142.    Denied.  Paragraph 142 of the Complaint states legal conclusions to which no response is required.

143.    Denied.  Paragraph 143 of the Complaint states legal conclusions to which no response is required.

144.    Denied.  Paragraph 144 of the Complaint states legal conclusions to which no response is required.

145.    Denied.  Paragraph 145 of the Complaint states legal conclusions to which no response is required.

## NINTH CLAIM FOR RELIEF
### (Avoidance and Recovery of Actual Fraudulent Conveyance pursuant to 11 U.S.C. §§548(a)(1)(A) and 550(a)(1) – Against Defendant Haber)

146.    Denied.  Paragraph 146 of the Complaint states legal conclusions to which no response is required.

147.    Denied.  Paragraph 147 of the Complaint states legal conclusions to which no response is required.

148.    Denied.  Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, which are therefore denied.

149.    Denied.  Paragraph 149 of the Complaint states legal conclusions to which no response is required.

-16-

150.    Denied.    Paragraph 150 of the Complaint states legal conclusions to which no response is required.

151.    Denied.    Paragraph 152 of the Complaint states legal conclusions to which no response is required.

152.    Denied.    Paragraph 153 of the Complaint states legal conclusions to which no response is required.

153.    Denied.    Paragraph 153 of the Complaint states legal conclusions to which no response is required.

## TENTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Actual Fraudulent Conveyance pursuant to 11 U.S.C. §§548(a)(1)(A) and 550(a)(1) – Against Defendant Doge)**

154.    Denied.    Paragraph 154 of the Complaint states legal conclusions to which no response is required and further avers that it received no transfers from RBC.

155.    Denied.    Paragraph 155 of the Complaint states legal conclusions to which no response is required.

156.    Denied.    Prairie is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, which are therefore denied.

157.    Denied.    Paragraph 157 of the Complaint states legal conclusions to which no response is required.

158.    Denied.    Paragraph 158 of the Complaint states legal conclusions to which no response is required.

159.    Denied.    Paragraph 159 of the Complaint states legal conclusions to which no response is required.

-17-

160.    Denied.   Paragraph 160 of the Complaint  states legal conclusions  to which  no response is required.

161.    Denied.   Paragraph 161 of the Complaint  states legal conclusions  to which  no response is required.

## ELEVENTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Actual Fraudulent  Conveyance pursuant to 11 U.S.C. §§548(a)(1)(A) and 550(a)(1) – Against Defendant Talcott)**

162.    Denied.   Paragraph 162 of the Complaint  states legal conclusions  to which  no response is required.

163.    Denied.   Paragraph 163 of the Complaint  states legal conclusions  to which  no response is required.

164.    Denied.  Prairie is without  knowledge  or information  sufficient  to form a belief as to the truth  of the allegations  in Paragraph 164, which are therefore denied.

165.    Denied.   Paragraph 165 of the Complaint  states legal conclusions  to which  no response is required.

166.    Denied.   Paragraph 166 of the Complaint  states legal conclusions  to which  no response is required.

167.    Denied.   Paragraph 167 of the Complaint  states legal conclusions  to which  no response is required.

168.    Denied.   Paragraph 168 of the Complaint  states legal conclusions  to which  no response is required.

169.    Denied.   Paragraph 169 of the Complaint  states legal conclusions  to which  no response is required.

-18-

## TWELFTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Constructive Fraudulent Conveyance pursuant to 11
U.S.C. §§548(a)(1)(B) and 550(a)(1) – Against Defendant Founders)**

170.    Denied.    Paragraph 170 of the Complaint states legal conclusions to which no response is required.

171.    Denied.    Paragraph 171 of the Complaint states legal conclusions to which no response is required.

172.    Denied.    Paragraph 172 of the Complaint states legal conclusions to which no response is required.

173.    Denied.    Paragraph 173 of the Complaint states legal conclusions to which no response is required.

174.    Denied.    Paragraph 174 of the Complaint states legal conclusions to which no response is required.

175.    Denied.    Paragraph 175 of the Complaint states legal conclusions to which no response is required.

176.    Denied.    Paragraph 176 of the Complaint states legal conclusions to which no response is required.

## THIRTEENTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Constructive Fraudulent Conveyance pursuant to 11
U.S.C. §§548(a)(1)(B) and 550(a)(1) – Against Defendant Prairie)**

177.    Denied.    Paragraph 177 of the Complaint states legal conclusions to which no response is required.

178.    Denied.    Paragraph 178 of the Complaint states legal conclusions to which no response is required.

-19-

179.    Denied.   Paragraph 179 of the Complaint  states legal conclusions  to which  no response is required.

180.    Denied.   Paragraph 180 of the Complaint  states legal conclusions  to which  no response is required.

181.    Denied.   Paragraph 181 of the Complaint  states legal conclusions  to which  no response is required.

182.    Denied.   Paragraph 182 of the Complaint  states legal conclusions  to which  no response is required.

183.    Denied.   Paragraph 183 of the Complaint  states legal conclusions  to which  no response is required.

## <u>FOURTEENTH CLAIM FOR RELIEF</u>
**(Avoidance and Recovery of Constructive Fraudulent Conveyance pursuant to 11 U.S.C. §§548(a)(1)(B) and 550(a)(1) – Against Defendant Teeger)**

184.    Denied.   Paragraph 184 of the Complaint  states legal conclusions  to which  no response is required.

185.    Denied.   Paragraph 185 of the Complaint  states legal conclusions  to which  no response is required.

186.    Denied.   Paragraph 186 of the Complaint  states legal conclusions  to which  no response is required.

187.    Denied.   Paragraph 187 of the Complaint  states legal conclusions  to which  no response is required.

188.    Denied.   Paragraph 188 of the Complaint  states legal conclusions  to which  no response is required.

29099515v.3

189.    Denied.   Paragraph 189  of the Complaint  states legal  conclusions  to which  no
response is required.

190.    Denied.   Paragraph 190  of the Complaint  states legal  conclusions  to which  no
response is required.

## FIFTEENTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Constructive Fraudulent Conveyance pursuant to 11
U.S.C. §§548(a)(1)(B) and 550(a)(1) – Against Defendant Haber)**

191.    Denied.   Paragraph 191  of the Complaint  states legal  conclusions  to which  no
response is required.

192.    Denied.   Paragraph 192  of the Complaint  states legal  conclusions  to which  no
response is required.

193.    Denied.   Paragraph 193  of the Complaint  states legal  conclusions  to which  no
response is required.

194.    Denied.   Paragraph 194  of the Complaint  states legal  conclusions  to which  no
response is required.

195.    Denied.   Paragraph 195  of the Complaint  states legal  conclusions  to which  no
response is required.

196.    Denied.   Paragraph 196  of the Complaint  states legal  conclusions  to which  no
response is required.

197.    Denied.   Paragraph 197  of the Complaint  states legal  conclusions  to which  no
response is required.

## SIXTEENTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Constructive Fraudulent Conveyance pursuant to 11
U.S.C. §§548(a)(1)(B) and 550(a)(1) – Against Defendant Doge)**

198.    Denied.  Paragraph 198  of the Complaint  states legal conclusions  to which  no response is required.

199.    Denied.  Paragraph 199  of the Complaint  states legal conclusions  to which  no response is required.

200.    Denied.  Paragraph 200  of the Complaint  states legal conclusions  to which  no response is required.

201.    Denied.  Paragraph 201  of the Complaint  states legal conclusions  to which  no response is required.

202.    Denied.  Paragraph 202  of the Complaint  states legal conclusions  to which  no response is required.

203.    Denied.  Paragraph 203  of the Complaint  states legal conclusions  to which  no response is required.

204.    Denied.  Paragraph 204  of the Complaint  states legal conclusions  to which  no response is required.

## SEVENTEENTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Constructive Fraudulent Conveyance pursuant to 11 U.S.C. §§548(a)(1)(B) and 550(a)(1) – Against Defendant Talcott)**

205.    Denied.  Paragraph 137  of the Complaint  states legal conclusions  to which  no response is required.

206.    Denied.  Paragraph 137  of the Complaint  states legal conclusions  to which  no response is required.

207.    Denied.  Paragraph 137  of the Complaint  states legal conclusions  to which  no response is required.

-22-

208.    Denied.   Paragraph 137  of the Complaint  states legal conclusions  to which  no response is required.

209.    Denied.   Paragraph 137  of the Complaint  states legal conclusions  to which  no response is required.

210.    Denied.   Paragraph 137  of the Complaint  states legal conclusions  to which  no response is required.

211.    Denied.   Paragraph 137  of the Complaint  states legal conclusions  to which  no response is required.

### EIGHTEENTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Actual Fraudulent  Conveyances pursuant to 11 U.S.C. §§544(b) and 550(a)(1) and Sections 276, 276-A and 278 of the Prior NYDCL – Against Defendant Founders)**

212.    Denied.   Paragraph 212  of the Complaint  states legal conclusions  to which  no response is required.

213.    Denied.   Paragraph 213  of the Complaint  states legal conclusions  to which  no response is required.

214.    Denied.   Paragraph 214  of the Complaint  states legal conclusions  to which  no response is required.

215.    Denied.   Paragraph 215  of the Complaint  states legal conclusions  to which  no response is required.

216.    Denied.   Paragraph 216  of the Complaint  states legal conclusions  to which  no response is required.

217.    Denied.   Paragraph 217  of the Complaint  states legal conclusions  to which  no response is required.

-23-

## NINETEENTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Actual Fraudulent Conveyances pursuant to 11 U.S.C. §§544(b) and 550(a)(1) and Sections 276, 276-A and 278 of the Prior NYDCL – Against Defendant Prairie)**

218.    Denied.    Paragraph 218 of the Complaint states legal conclusions to which no response is required.

219.    Denied.    Paragraph 219 of the Complaint states legal conclusions to which no response is required.

220.    Denied.    Paragraph 220 of the Complaint states legal conclusions to which no response is required.

221.    Denied.    Paragraph 221 of the Complaint states legal conclusions to which no response is required.

222.    Denied.    Paragraph 222 of the Complaint states legal conclusions to which no response is required.

223.    Denied.    Paragraph 223 of the Complaint states legal conclusions to which no response is required.

## TWENTIETH CLAIM FOR RELIEF

**(Avoidance and Recovery of Actual Fraudulent Conveyances pursuant to 11 U.S.C. §§544(b) and 550(a)(1) and Sections 276, 276-A and 278 of the Prior NYDCL – Against Defendant Teeger)**

224.    Denied.    Paragraph 224 of the Complaint states legal conclusions to which no response is required.

225.    Denied.    Paragraph 225 of the Complaint states legal conclusions to which no response is required.

226.    Denied.    Paragraph 226 of the Complaint states legal conclusions to which no response is required.

-24-

227.    Denied.    Paragraph 227 of the Complaint states legal conclusions to which no response is required.

228.    Denied.    Paragraph 228 of the Complaint states legal conclusions to which no response is required.

229.    Denied.    Paragraph 229 of the Complaint states legal conclusions to which no response is required.

### TWENTY-FIRST CLAIM FOR RELIEF
**(Avoidance and Recovery of Actual Fraudulent Conveyances pursuant to 11 U.S.C. §§544(b) and 550(a)(1) and Sections 276, 276-A and 278 of the Prior NYDCL – Against Defendant Haber)**

230.    Denied.    Paragraph 230 of the Complaint states legal conclusions to which no response is required.

231.    Denied.    Paragraph 231 of the Complaint states legal conclusions to which no response is required.

232.    Denied.    Paragraph 232 of the Complaint states legal conclusions to which no response is required.

233.    Denied.    Paragraph 233 of the Complaint states legal conclusions to which no response is required.

234.    Denied.    Paragraph 234 of the Complaint states legal conclusions to which no response is required.

235.    Denied.    Paragraph 235 of the Complaint states legal conclusions to which no response is required.

### TWENTY-SECOND CLAIM FOR RELIEF
**(Avoidance and Recovery of Actual Fraudulent Conveyances pursuant to 11 U.S.C. §§544(b) and 550(a)(1) and Sections 273, 276 and 276-A of the Revised NYDCL – Against Defendant Doge)**

-25-

236.    Denied.   Paragraph 236 of the Complaint  states legal conclusions  to which  no response is required.

237.    Denied.   Paragraph 237 of the Complaint  states legal conclusions  to which  no response is required.

238.    Denied.   Paragraph 238 of the Complaint  states legal conclusions  to which  no response is required.

239.    Denied.   Paragraph 239 of the Complaint  states legal conclusions  to which  no response is required.

240.    Denied.   Paragraph 240 of the Complaint  states legal conclusions  to which  no response is required.

241.    Denied.   Paragraph 241 of the Complaint  states legal conclusions  to which  no response is required.

## TWENTY-THIRD CLAIM FOR RELIEF

**(Avoidance and Recovery of Actual Fraudulent  Conveyances pursuant to 11 U.S.C.
§§544(b) and 550(a)(1) and Sections 273, 276 and 276-A of the Revised NYDCL –
Against Defendant Talcott)**

242.    Denied.   Paragraph 242 of the Complaint  states legal conclusions  to which  no response is required.

243.    Denied.   Paragraph 143 of the Complaint  states legal conclusions  to which  no response is required.

244.    Denied.   Paragraph 137 of the Complaint  states legal conclusions  to which  no response is required.

245.    Denied.   Paragraph 137 of the Complaint  states legal conclusions  to which  no response is required.

-26-

246.    Denied.    Paragraph 137 of the Complaint states legal conclusions to which no response is required.

247.    Denied.    Paragraph 137 of the Complaint states legal conclusions to which no response is required.

## TWENTY-FOURTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Constructive Fraudulent Conveyances pursuant to 11 U.S.C. §§544(b) and 550(a)(1) and Sections 273, 274, 276, and 276-A of the Revised NYDCL –Against Defendant Doge)**

248.    Denied.    Paragraph 248 of the Complaint states legal conclusions to which no response is required.

249.    Denied.    Paragraph 249 of the Complaint states legal conclusions to which no response is required.

250.    Denied.    Paragraph 250 of the Complaint states legal conclusions to which no response is required.

251.    Denied.    Paragraph 251 of the Complaint states legal conclusions to which no response is required.

252.    Denied.    Paragraph 252 of the Complaint states legal conclusions to which no response is required.

253.    Denied.    Paragraph 253 of the Complaint states legal conclusions to which no response is required.

254.    Denied.    Paragraph 254 of the Complaint states legal conclusions to which no response is required.

## TWENTY-FIFTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Constructive Fraudulent Conveyances pursuant to 11 U.S.C. §§544(b) and 550(a)(1) and Sections 273, 274, 276, and 276-A of the Revised NYDCL –Against Defendant Talcott)**

-27-

255.    Denied.    Paragraph 255 of the Complaint states legal conclusions to which no response is required.

256.    Denied.    Paragraph 256 of the Complaint states legal conclusions to which no response is required.

257.    Denied.    Paragraph 257 of the Complaint states legal conclusions to which no response is required.

258.    Denied.    Paragraph 258 of the Complaint states legal conclusions to which no response is required.

259.    Denied.    Paragraph 259 of the Complaint states legal conclusions to which no response is required.

260.    Denied.    Paragraph 260 of the Complaint states legal conclusions to which no response is required.

261.    Denied.    Paragraph 261 of the Complaint states legal conclusions to which no response is required.

## TWENTY-SIXTH CLAIM FOR RELIEF
### (Successor Liability – Against Defendant Roses Holdings)

262.    Denied.    Paragraph 262 of the Complaint states legal conclusions to which no response is required.

263.    Admitted.

264.    Admitted.

265.    Admitted.

266.    Admitted.

267.    Admitted and further avers that Roses Holdings is the successor to the Debtors.

-28-

## TWENTY-SEVENTH CLAIM FOR RELIEF
### (Successor Liability – Against Defendant Roses Holdings)

268.    Denied.    Paragraph 268 of the Complaint states legal conclusions to which no response is required.

269.    Admitted.

270.    Admitted.

## TWENTY-EIGHTH CLAIM FOR RELIEF
### (Successor Liability – Against Defendant Roses Holdings)

271.    Denied.    Paragraph 271 of the Complaint states legal conclusions to which no response is required.

272.    Admitted.

273.    Admitted.

274.    Admitted.

275.    Admitted.

276.    Admitted.

277.    Admitted.

278.    Admitted.

279.    Admitted.

## TWENTY-NINTH CLAIM FOR RELIEF
### (Avoidance and Recovery of Constructive Fraudulent Conveyance pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550 (a)(1)

280.    Denied. Paragraph 273 of the Complaint states legal conclusions to which no response is required.

281.    Denied.

282.    Denied.

-29-

283.    Denied. Paragraph 276 of the Complaint states legal conclusions to which no response is required.

284.    Denied. Paragraph 277 of the Complaint states legal conclusions to which no response is required.

285.    Denied. Paragraph 278 of the Complaint states legal conclusions to which no response is required.

286.    Denied. Paragraph 279 of the Complaint states legal conclusions to which no response is required.

## THIRTIETH CLAIM FOR RELIEF
### (Avoidance and Recovery of Constructive Fraudulent Conveyance pursuant to 11 U.S.C. §§548(a)(1)(B) and 550(a)(1) – Against Defendant Roses Holdings)

287.    Denied. Paragraph 280 of the Complaint states legal conclusions to which no response is required.

288.    Denied. Paragraph 281 of the Complaint states legal conclusions to which no response is required.

289.    Denied. Paragraph 282 of the Complaint states legal conclusions to which no response is required.

290.    Denied. Paragraph 283 of the Complaint states legal conclusions to which no response is required.

291.    Denied. Paragraph 284 of the Complaint states legal conclusions to which no response is required.

292.    Denied. Paragraph 285 of the Complaint states legal conclusions to which no response is required.

29099515v.3

293.    Denied.    Paragraph 286 of the Complaint  states legal conclusions  to which no response is required.

294.    Denied.    Paragraph 287 of the Complaint  states legal conclusions  to which no response is required.

295.    Denied.    Paragraph 288 of the Complaint  states legal conclusions  to which no response is required.

## VI.    AFFIRMATIVE DEFENSES

## NO CONSENT TO FINAL DECISION PURSUANT TO BANKRUPTCY RULE 7012(b)

Defendant Prairie does not Consent and Opposes final judgment  being entered by the Bankruptcy Court Pursuant to Bankruptcy Rule 7012(b).

## A.  PROCEDURAL BACKGROUND

296.    On May 15, 2020 (the "RFI Filing  Date"), an involuntary  petition  under Chapter 7 of the United States Bankruptcy  Code (the "Bankruptcy  Code") was filed against  Debtor RFI by Doge Capital,  LLC, Three Oaks Advisors,  LLC and Randall  Talcott.

297.    On July 1, 2020, an order for relief was entered in Debtor RFI's case.

298.    On March 8, 2021 (the "RBC Filing  Date"), the Trustee acting  in her capacity  as sole shareholder  of RBC filed a voluntary  petition  under Chapter 7 on behalf  of RBC.

299.    The bankruptcy  proceedings  of Debtors RFI and RBC are being jointly administered.

300.    Debra J. Piazza (the "Trustee") was duly appointed  Chapter 7 Trustee of debtor RFI, having  been appointed  on July 15, 2020 pursuant to Section 702(d) of the Bankruptcy  Code and by operation  of law, and has continued  to serve as such Trustee through  and including  the present date. The Trustee owes a fiduciary  duty to all of the creditors of RFI and has owed such a

-31-

duty since July 15, 2020.

## B. PARTIES

301.    The Trustee is a resident of the State of New York, a licensed attorney, and as set forth above, is the Chapter 7 Trustee of Debtors, maintaining an office at 1350 Broadway, New York, New York 10018.

302.    Upon information and belief, cross-defendant Kobi Afek ("Afek") is an individual having a primary residence at 332 Starling Road, Englewood, New Jersey. Upon information and belief, at all relevant times through on or about March 9, 2020, Afek was the President and Chief Executive Officer, and a board member, of Debtors.

303.    Upon information and belief, cross-defendant Founders Equity I, LP ("Founders") is a limited partnership organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 545 Fifth Avenue, Suite 401, New York, New York.

304.    Upon information and belief, cross-defendant John Teeger ("Teeger") is an individual having a primary residence at 96 Ivy Way, Port Washington, New York. Upon information and belief, at all relevant times, Teeger was the Chairman of the Board of Debtors and a principal of Founders.

305.    Upon information and belief, cross-defendant Warren Haber ("Haber") is an individual having a primary residence at 784 Park Avenue, Apt. 12B, New York, New York. At all relevant times, Haber was a principal of Founders and a board member of Debtors.

306.    Cross-claimant Prairie Street Capital, Inc. ("Prairie Street") is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 222 West Adams, Suite 1980, Chicago, Illinois.

307.    Cross-claimant Doge Capital, LLC ("Doge") is a limited liability company

-32-

29099515v.3

organized and existing pursuant to the laws of the State of Wyoming, with its principal place of business in Jackson, Wyoming.

308.    Cross-claimant Randall Talcott ("Talcott") is an individual having a primary residence at 1901 South Calamet Avenue, Unit 801, Chicago, Illinois.

309.    Upon information and belief, defendant Roses Confections, L.P. is a limited partnership organized and existing pursuant to the laws of the State of Texas and licensed to do business in New York, with its principal place of business at 101 Erie Boulevard, Canajoharie, New York.

310.    Upon information and belief, defendant Roses Holdings Limited is a corporation organized and existing pursuant to the laws of the State of Texas, with its principal place of business at 6143 Royalton Drive, Dallas, Texas.

311.    Upon information and belief, defendant Roses RE Holdings is a limited liability company organized and existing pursuant to the laws of the State of Texas, with its principal place of business at 101 Erie Boulevard, Canajoharie, New York.

312.    Upon information and belief, defendant Webster Business Credit Corporation ("Webster" or the "Bank") is a corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business at 360 Lexington Avenue, New York, New York. Upon information and belief, Webster is a wholly-owned subsidiary of Webster Bank, N.A.

## C.  JURISDICTION, STATUTORY PREDICATES AND VENUE

313.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. By virtue of 28 U.S.C. § 157(a), and the Amended Standing Order of Reference, dated January 31, 2012, of then Chief Judge Loretta A. Preska of the United States

29099515v.3

District Court for the Southern District of New York, this adversary proceeding is automatically referred to this Court.

314.    This adversary proceeding is a core proceeding under, among other things, 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), and (O). Because this is a core proceeding, the Bankruptcy Court has jurisdiction and authority under 28 U.S.C. § 157(b) to hear and determine this adversary proceeding. Prairie Street does not consent to the entry of final orders and judgments by the Court if it is determined that this Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

315.    Venue of the subject Chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## D. FACTS SUPPORTING AFFIRMATIVE DEFENSES

**Summary of Background:**

316.    From 1893 until approximately early March 2020, RBC, which was based in Canajoharie, New York, was in the business of manufacturing a full line of candy products (the "Candy Business") and, more recently, a well-known seasoning product called Gravy Master.

317.    RFI was incorporated in 2006 and became the 100% owner of RBC. Thereafter, RFI made a series of strategic acquisitions, with the resulting assets ultimately conveyed to Roses.

318.    RBC and RFI ceased operating after all of RBC and RFI's assets were surrendered to Webster and simultaneously sold by Webster in a private sale on March 9, 2020 pursuant to Section 9-610 of the Uniform Commercial Code (as adopted by the State of New York, the "UCC") to defendant Roses Holdings (the "Sale").

319.    The Sale occurred simultaneously after Afek and Teeger voluntarily agreed to

-34-

give Webster peaceful possession of substantially all of the assets RBC and RFI utilized in the operation of its business other than its real property located at 101 Erie Boulevard, Canajoharie, NY 13317 (the "RBC Assets").

320.    In addition to Roses Holdings purchasing the RBC and RFI Assets from Webster, defendant Roses RE Holdings simultaneously purchased the real property known as and located at 101 Erie Boulevard, Canajoharie, NY 13317 (the "Real Property") from RBC and RFI or $200,000.00.

321.    The purchase price paid by Roses Holdings for the RBC and RFI (or Richardson) Assets was less than reasonably equivalent value in that it was far below the estimated value of the RBC Assets, and the Sale was not commercially reasonable, particularly in light of offers that were made by other entities to purchase certain of the RBC and RFI Assets.

322.    The proceeds of the Sale, in the amount of approximately $3.4 million, were paid to Webster and certain of the Debtors' insiders. In addition, RBC and RFI's accounts receivable were transferred to Roses Holdings, which agreed to collect the receivables in the ordinary course and transferred 70% of the collected receivables to Doge and Talcott (the "Receivables Agreement").

323.    Roses Holdings hired Afek and RBC and RFI's management (remember Kobi was employed by RFI) following the Sale to run Richardson's business that Roses Holdings acquired. Roses Holdings ran the same business operations as RBC, at the same location, with the same management, personnel, machinery, equipment and goodwill.

**Loans to Debtors and the Cash Collateral Agreement:**

324.    Pursuant to a Credit and Security Agreement dated as of December 24, 2014 (as subsequently amended, modified, supplemented and restated, the "Credit Agreement") by and

among Debtors and Webster, Debtors borrowed in excess of $3,000,000 from Webster.

325.    Following a default by Debtors under the Credit Agreement, Webster agreed on or about September 28, 2018 to forbear for a specified period of time from exercising its default-related rights and remedies against Debtors pursuant to the Credit Agreement. The forbearance period was ultimately extended to the earlier of March 30, 2020 or the date of any "Forbearance Default" as defined in the parties' forbearance agreement, as amended.

326.    Pursuant to a Cash Collateral Deposit Agreement dated April 15, 2019 by and among Webster, Debtors and Founders, as amended by an Amended and Restated Cash Collateral Deposit Agreement dated August 23, 2019 by and among Webster, Debtors, Founders and Prairie Street, and as subsequently amended by a Second Amended and Restated Cash Collateral Deposit Agreement dated as of October 24, 2019 by and among Webster, Debtors, Founders, Prairie Street, Teeger and Haber (as amended, the "Cash Collateral Agreement"), each of Founders, Prairie Street, Teeger and Haber (collectively, the "Pledgors") made and pledged certain cash deposits to be held by Webster as collateral security for the Obligations of Debtors as defined in the Credit Agreement (the "Cash Collateral"). The Cash Collateral, aggregating $1,092,000, was comprised of the following amounts: Founders - $542,000; Prairie Street - $280,000; Teeger - $135,000; Haber - $135,000.

327.    Pursuant to a letter agreement dated as of October 17, 2019 (the "Subrogation Agreement") by and among the Pledgors, Debtors and Webster, the Pledgors agreed the Cash Collateral of $1,092,000 which was additional collateral for the Obligations under the Credit Agreement was pledged on the condition that in the event the Cash Collateral was applied to the payment of the Obligations under the Credit Agreement, the Pledgors would be subrogated to the extent of such application to all of the rights of recovery of Webster.

-36-

## E.  AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
#### (Contractual Subrogation)

328.    Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

329.    The relief requested in the Complaint should be denied to the extent it is barred, in whole or in part, by the doctrine of contractual subrogation.

330.    Prairie had a subrogation agreement directly with Webster, where Prairie submitted the cash collateral to Webster; and Webster kept control over that cash collateral. The subrogation agreement between RBC, RFI and Webster secured the monies that Prairie received.

331.    Here, Trustee is in fiduciary relationship with the creditors. Accordingly, Prairie's subrogation rights to the Webster collateral make it a fully secured creditor under section 506 of the Bankruptcy Code.

### SECOND AFFIRMATIVE DEFENSE
#### (Common Law Subrogation)

332.    Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

333.    The relief requested in the Complaint should be denied to the extent it is barred, in whole or in part, by the doctrine of common law subrogation under 11 U.S.C.A. § 509(a).

334.    Common law, or equitable subrogation arises in equity to prevent fraud or injustice and usually arises in one of five situations:  (1) the paying party has a liability, claim or fiduciary relationship with the debtor; (2) the party pays to fulfill a legal duty or because of public policy; (3) the paying party is a secondary debtor; (4) the paying party is a surety; or (5) the party pays to protect its own rights or property.

335. Because, Trustee is in fiduciary relationship with the creditors, Prairie's subrogation rights to the Webster collateral make it a fully secured creditor under section 506 of the Bankruptcy Code.

### THIRD AFFIRMATIVE DEFENSE
### (11 U.S.C. §541(d))

336. Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

337. The relief requested in the Complaint should be denied to the extent it is barred, in whole or in part, by 11 U.S.C. §541(d).

338. Under this section, any property which the debtor holds only legal title and not an equitable interest, as of the commencement of the case, will become property of the estate only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold. Accordingly, Section 541(d) of the Bankruptcy Code protects Prairie's interest from attack by the Trustee.

339. RFI's assets include more than $17 million in assets above and beyond the equity interest in RBC and the RFI Tax Return shows RFI had assets of approximately $34 million. This property should be considered property of the estate.


### FOURTH AFFIRMATIVE DEFENSE
### (Fraudulent Transfer)

340. Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

341. The relief requested in the Complaint should be denied to the extent it is barred, in whole or in part, by 11 U.S.C. §548(c) as Prairie Street, Doge and Talcott gave reasonably

equivalent value to the Debtors in good faith and may retain any funds received from any non-debtors.

342.     Bankruptcy Code § 548(c) provides a defense in a fraudulent transfer action to the extent a transferee takes "for value and in good faith," 11 U.S.C. § 548(c).

343.     Accordingly, Prairie gave equivalent value to the Debtors and did so in good faith.

## FIFTH AFFIRMATIVE DEFENSE
### (RBC was not insolvent)

344.     Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

345.     The relief requested in the Complaint should be denied in whole or in part because RBC was not insolvent, undercapitalized, or unable to pay its debts as they came due.

346.     Indeed, for purposes of a constructive fraudulent transfer claim under New York's Debtor and Creditor Law, a plaintiff is entitled to a presumption that the transferor was insolvent if it is undisputed that the defendant did not provide fair consideration for the transfer. N.Y. Debt. and Cred. Law § 273. Here, no such presumption is applicable.

347.     Further, the Trustee is supporting a settlement that benefits certain creditors over others and also benefits the creditors of RBC over the creditors of RFI.

## SIXTH AFFIRMATIVE DEFENSE
### (Prairie is a Secured Creditor)

348.     Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

349.     The relief requested in the Complaint should be denied in whole or in part because Prairie was a secured creditor of RBC and therefore could not receive a fraudulent conveyance.

-39-

350.    Only a conveyance made with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud present or future creditors, is fraudulent as to present and future creditors.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Alter Ego Doctrine)

351.    Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

352.    The relief requested in the Complaint should be denied in whole or in part to the extent that RBC and RFI were alter egos such that no payments to either of its creditors can be avoided by any other creditor.

353.    The alter ego doctrine applies when two enterprises have substantially identical (1) management, (2) business purposes, (3) operation, (4) equipment, (5) customers, (6) supervision, and (7) ownership, but not all of these factors need to be present in order to establish that two entities are alter egos.

354.    RBC and RFI are alter egos because RBC is RFI's parent company, satisfying the seventh element.

355.    RBC and RFI manufactured a full line of candy products as well as a well-known product called Gravymaster Seasoning, satisfying the second, and fifth elements.

### EIGHTH AFFIRMATIVE DEFENSE
#### (RFI was Solvent)

356.    Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

29099515v.3

357.    The relief requested in the Complaint should be denied in whole or in part since RFI was solvent because it owned and currently owns multiple assets.

358.    Prairie is entitled to a presumption that the transferor was insolvent if it is undisputed that the defendant did not provide fair consideration for the transfer.

359.    No assets of RFI were sold nor did RFI have any assets other than its equity interest in RBC"). This simply is not true, as listed below:

360.    RFI has D&O Insurance. As stated in the Declaration of Michael Barry, Objectors believe the insurance available to RFI provides up to $1.5 million in coverage – that by itself a valuable asset.

361.    RFI's tax returns show assets. RFI filed a federal tax return in 2016. This federal tax appears to be based upon an accounting of the company as a standalone entity (i.e. not as an aggregate entity with RBC). This RFI Tax Return is the only tax return ever presented in these proceedings and is uncontroverted. The uncontroverted evidence provided by this RFI Tax Return demonstrates that RFI has assets – which the trustee has not marshaled for the benefit of the RFI creditors.

362.    The RFI assets include more than $17 million in assets above and beyond the equity interest in RBC. The RFI Tax Return shows RFI had assets of approximately $34 million. Significantly, however, the RFI Tax Return also discloses $17,090,092 of other RFI assets – including receivables that make RFI a creditor of RBC – not just an equity holder.

363.    RFI had loaned RBC monies of which RBC paid down $593,320 of the balance during 2016. This financial statement certainly demonstrates that RFI has considerable assets which the Trustee has not attempted to collect and will necessarily abandon under the proposed Settlement if the Court does not reject the Settlement.

-41-

364.    RFI has Claims against Settling Parties. The Trustee also fails to account for the claims RFI could assert (and has asserted) against the Settling Parties and others. RFI's claims include but are not limited to a right of first refusal claim of Prairie Street against Webster, a breach of contract claim against Roses, unjust enrichment claims against Founders, Teeger, Haber (and possibly others), successor liability claims against Roses, equitable subordination claims against Founders, Teeger, Haber, and declaratory judgment claims. Under the Settlement, RFI gets nothing but releases all claims against parties that woe RFI monies.

## NINTH AFFIRMATIVE DEFENSE
### (No Alleged Transfers to Prairie came from RBC)

365.    Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

366.    The relief requested in the complaint should be denied in whole or in part because none of the alleged transfers to Prairie came from RBC.

## TENTH AFFIRMATIVE DEFENSE
### (Doctrine of Setoff)

367.    Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

368.    The relief requested in the Complaint should be denied in whole or in part to the extent that Plaintiff's claims are barred by the doctrine of setoff because Prairie is a post-petition trustee in possession ("TIP") lender.

369.    Prerequisites for a valid setoff under the Bankruptcy Code include that the amount owed by the debtor must be a prepetition debt, the debtor's claim against the creditor, and the creditor's claim against the debtor. 11 U.S.C.A. § 553.

-42-

370.    Pursuant to a Cash Collateral Deposit Agreement dated April 15, 2019 by and among Webster, Debtors and Founders, as amended by an Amended and Restated Cash Collateral Deposit Agreement dated August 23, 2019 by and among Webster, Debtors, Founders and Prairie Street, and as subsequently amended by a Second Amended and Restated Cash Collateral Deposit Agreement dated as of October 24, 2019 by and among Webster, Debtors, Founders, Prairie Street, Teeger and Haber (as amended, the "Cash Collateral Agreement"), each of Founders, Prairie Street, Teeger and Haber (collectively, the "Pledgors") made and pledged certain cash deposits to be held by Webster as collateral security for the Obligations of Debtors as defined in the Credit Agreement (the "Cash Collateral").   The Cash Collateral, aggregating $1,092,000, was comprised of the following amounts: Founders - $542,000; Prairie Street - $280,000; Teeger - $135,000; Haber - $135,000.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Doctrine of Recoupment)

371.    Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

372.    The relief requested in the Complaint should be denied in whole or in part to the extent that Plaintiff's claims are barred by the doctrine of recoupment.

373.    For the doctrine to apply, the defendant's counterclaim or affirmative defense must arise out of the same transaction or series of transactions that form the basis of, and must be sufficiently related to, the causes of action alleged in the plaintiff's complaint.

374.    Pursuant to a Credit and Security Agreement dated as of December 24, 2014 (as subsequently amended, modified, supplemented and restated, the "Credit Agreement") by and among, Richardson Foods, Inc., ("RFI"), Richardson Brands Company ("RBC") and Webster

-43-

Business Credit Corporation ("Webster"), RFI and RBC borrowed in excess of $3,000,000 from Webster.

375.    Despite initially being appointed as the Trustee of RFI, the Trustee now proposes only settling claims on behalf of the creditors of RBC. This is precisely what sets these subsequent events in motion.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

376.    Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

377.    The relief requested in the Complaint should be denied to the extent Plaintiff's claims are barred, in whole or in part, as a result of the actions or inactions of Plaintiff or persons affiliated with Plaintiff, including without limitation their failure to mitigate damages.

378.    A party seeking to avail itself of the affirmative defense of failure to mitigate damages must establish that the injured party failed to make diligent efforts to mitigate its damages, and the extent to which such efforts would have diminished those damages.

379.    The Trustee could have asserted many if not all of the claims against the Settling Defendants in the RFI case as opposed to the RBC case, however, the Trustee chose to prioritize one case over the other resulting in one set of creditors recovering, and the other set of creditors, including Prairie, with nothing.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Doctrine of Unclean Hands)**

-44-

380.     Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

381.     The relief requested in the Complaint should be denied to the extent it is barred by the doctrine of unclean hands.

382.     To sustain the defense of unclear hands, a defendant must show that plaintiff engaged in inequitable conduct or bad faith where the misconduct has a material relation to the equitable relief that the plaintiff seeks.

383.     In order to preserve RBC's claims for the benefit of RFI, the Trustee as sole stockholder of RBC, filed a voluntary Chapter 7 petition on behalf of RBC. However, the RFI creditors were left with nothing in this Settlement while insiders and RBC creditors recovered.

384.     The Trustee to pursue RFI's case over RBC's case, and accordingly failed to act in the best interests of the creditors of both, as her duties requires.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

385.     Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

386.     The Complaint fails to state a claim upon which relief may be granted.

387.     Under Federal Rule Of Civil Procedure 12(b)(6), a pleading may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."

388.     Plaintiff's Complaint fails to state any plausible claim to relief because she provides no evidence to support her claim.

-45-

389.    Plaintiff's complaint lacks factual content to support any claim which prevents this Court from drawing reasonable inference that the Defendants are liable for this misconduct alleged.

### FIFTEENTH AFFIRMATIVE DEFENSE

390.    Prairie repeats and realleges each of its responses to all of the allegations contained in the Complaint as fully set forth herein.

391.    Prairie Street hereby adopts and incorporate herein by reference the affirmative defenses asserted or alleged by all other Defendants in this case.

### RESERVATION OF DEFENSES

392.    Prairie reserves the right to assert additional defenses and affirmative defenses as they become known through investigation and discovery.

393.    Pursuant to Bankruptcy Rule 7012(b), Prairie does not consent to final judgment being entered by the Bankruptcy Court.

DATED:        New York, New York
              December 19, 2022


                              By: */s/ Luke McGrath*
                                  DUNNINGTON, BARTHOLOW, & MILLER, LLP
                                  Luke McGrath, Esq.
                                  230 Park Avenue, 21st Floor
                                  New York, NY 10169
                                  Tel: (212) 682-8811
                                  lmcgrath@dunnington.com
                                  *Counsel to Prairie Street Capital, Inc.*

-46-